UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>        Plaintiff,<br><br>  v.<br><br>Redwood Barn Nursery, Inc., a California Corporation; and Does 1-10,<br><br>        Defendants. | No.  2:14-cv-02467-GEB-CKD<br><br>**ORDER RE: SETTLEMENT AND DISPOSITION** |

        Plaintiff filed a "Notice of Settlement" on March 23, 2015, in which he states, "[t]he parties have reached a settlement in principle." (Notice of Settlement, ECF No. 20.) Therefore, a dispositional document shall be filed no later than April 13, 2015. See E.D. Cal. R. 160(b) (prescribing that documents disposing of an action shall be filed "not . . . more than twenty-one (21) days from the date of [notice of settlement], absent good cause"). Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See id. ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

        Further, the Status Conference scheduled for hearing on April 20, 2015, is continued to commence at 9:00 a.m. on May 4, 2015, in the event no dispositional document is filed, or if this

action is not otherwise dismissed.[1]  A joint status report shall be filed fourteen (14) days prior to the status conference.

Also, in light of the referenced settlement, the pending motion for judgment on the pleadings (ECF No. 18) is deemed withdrawn, and the hearing on said motion scheduled for March 30, 2015, is vacated.

IT IS SO ORDERED.

Dated:  March 24, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2